*Bay  Circuit.*

## JOHN  STEWART

### vs.

## COLUMBUS  V.  TYLER.

*Evidence Must Harmonize With the Narr.*

A party suing for negligent injury is bound to set forth in his declaration
    the material facts relied on as his cause of action and to prove the
    same combination of circumstances.

Pleadings are for the purpose of informing the parties and the court of
    the precise subject of the controversy; their wording must be precise.
    (49 *Mich.*, 184.)

Trespass on the case for malpractice, claiming $20,000
damages.

Plea—general issue.

Plaintiff's counsel, in his opening statement, said:

"The plaintiff on September 14, 1878, was accident-
ally thrown from a carriage and sustained a compound
comminutee fracture of the left leg below the knee. The
negligence we offer to prove was:

1.    An improper splint was used.

2.    The detached pieces of bone, spicula, should have
been removed from the wound, and

3.    The large bone which protruded through the
flesh at the time of the accident, should have been cut
off."

The leg was amputated Jan. 15, 1879.

Plaintiff was sworn in his own behalf, when defend-
ant's counsel objected to any evidence under the declar-

ation,* as the case stated in the opening was not the one set out in the declaration. Citing F. & P. M. R'y Co. vs. Stark, 38 Mich., 714; Marquette, Houghton & Ontonagon R. R. Co. vs. Marcott, 41 Mich., 433; and Batterson vs. Chicago & Grand Trunk R'y Co., 13 N. W. Rep., 508. (49 Mich., 184.)

Objection sustained.

Plaintiff voluntarily submitted to a non-suit. which was set aside on payment of costs.

(Dec. 26, 1880.)

*Simonson & Gillett* and *Hatch & Cooley* for Plaintiff.

*Thos. A. E. Weadock, A. C. Maxwell* and *Benton Hanchett* for Defendant.

---

### *DECLARATION.

STATE OF MICHIGAN,  
THE CIRCUIT COURT FOR THE COUNTY OF BAY,  } ss.  
COUNTY OF BAY,

John Stewart, plaintiff herein, by Simons & Gillett, his attorneys, comes into court according to the form of the statute authorizing the commencement of suit by declaration, and complains of Columbus V. Tyler, the defendant in this suit, of a plea of trespass on the case.

For that whereas before and at the time of the committing of the wrongs and grievances by the said defendant, as hereinafter next mentioned, the said defendant held himself out to be and was a physician and surgeon.

That on or about the 14th day of September, A. D. 1878, said plaintiff met with an accident whereby the left leg of plaintiff was greatly injured and the bones thereof were fractured below the knee.

That thereupon and on or about the said 14th day of September aforesaid, at Bay county aforesaid, the plaintiff employed said defendant as such physician and surgeon to attend upon the plaintiff and endeavor to set, reduce and cure the said leg of said plaintiff for a reasonable reward to be thereafter paid by plaintiff to said defendant.

*The Bay Circuit---In Chancery.*

## THE TITTABAWASSEE BOOM COMPANY

### vs.

## ANDREW CUNNING.

While the State cannot confer the power to entirely obstruct the naviga-
tion of this river, it may authorize the construction of bridges
which, to some extent interfere with the commerce between the
States, suitable arrangements being provided for the safe passage of
vessels through them.

---

That defendant then accepted and entered upon such employment
and retainer to wit, on the day and year aforesaid, at Bay county afore-
said, and thereupon it then and there became and was the duty of said
defendant to receive and use ordinary and reasonable care, skill and dili-
gence in endeavoring to reduce said fracture and to set and cure the
leg of said plaintiff.

Yet the said defendant, not regarding such his duty, or his said
retainer and employment, but contriving, and intending to injure and
aggrieve the said plaintiff in this behalf, did not nor would use and
exercise ordinary and reasonable care, skill and diligence, endeavoring
to reduce said fracture and set and cure the leg of said plaintiff, in an
ordinarily skillful, proper and diligent manner, but on the contrary
thereof, the said defendant treated and attended to said plaintiff and the
fracture of his said leg in so improper, unskillful and negligent a man-
ner in not using the ordinary and proper means and remedies to reduce
said fracture and to set and cure said leg, and in not using proper means
and remedies to reduce said fracture and set and cure said leg that the
said plaintiff became weak and lost flesh, and the wound occasioned by
said fracture became sore and festered, and the bone of his said leg
diseased, and by reason of such default it became and was necessary

Rafting logs is not engaging in commerce between the States, though incidentally connected with it.

A dock line established under the authority of the State must be presumed to be a reasonable one. But if it interferes only with commerce within the State, the State courts cannot interfere with it.

By the Court, GREEN J.: The bill in this case was filed to restrain the defendant from extending his dock, situate on the east side of the Saginaw river a little above Twenty-third street bridge, out into said river so as to obstruct the free navigation thereof with rafts, etc.

The bill sets forth facts indicating the extent and importance of the plaintiff's business of booming and delivering of logs to owners and mills, and the neces-

---

thereafter. to wit, on or about January 13, 1879, at Bay City, county aforesaid, to amputate and cut off the said leg of said plaintiff, whereby he, the said plaintiff, suffered and underwent severe pain, and became and was permanently injured and disabled, and was hindered and prevented from performing and transacting his affairs and business by him to be performed and transacted for a long space of time, to-wit, thenceforth, at Bay county aforesaid. Thereby he sustained great loss and damage, to wit, ten thousand dollars, and was also by reason thereof forced and obliged to pay out and expend a large sum of money in and about endeavoring to be cured of said fracture and amputation in medical attendance, medicines and other expenses, to wit: The sum of one thousand dollars, and was otherwise greatly injured and damnified in this behalf at Bay county aforesaid to wit, to the plaintiff's damage, twenty thousand dollars.

And also for that whereas, before and at the time of the committing of the wrongs and grievances by the said defendant hereinafter next mentioned, he the said defendant claimed to be and was a physician and surgeon, and held himself out to the public as such.

That on or about the 14th day of September, 1878, the said plaintiff met with an accident wherein and whereby the left leg of said plaintiff

sity of an unobstructed and free navigation of the river at the point in question for the passing of their rafts down the river to mills below the said bridge, etc.

It states that prior to 1882 defendant had driven piles out in front of said dock extending 75 feet into the river, and that since January, 1882, he had driven piles out in front of said dock 92 feet beyond the outer line thereof, thus preventing the free navigation of the stream by the complainant, and that he threatens to continue the same 11 feet further out, so that his entire dock would extend over 170 feet from the shore and more than 20 feet beyond the east end of the east span of the bridge.

---

was greatly injured, and the bones thereof were fractured below the knee. That thereupon, and on or about said 14th day of September aforesaid, at Bay county aforesaid, the said plaintiff retained and employed the defendant as such physician and surgeon, to attend the said plaintiff, and to treat and endeavor to set and cure the said leg of said plaintiff, for a reasonable reward to be therefor paid by said plaintiff to said defendant.

That the said defendant then and there accepted and entered upon such employment, and agreed to reduce said fracture and to set and cure the said leg of said plaintiff.

That thereupon it became and was the duty of said defendant to treat and endeavor to set and cure the plaintiff's said leg, and reduce said fracture in an ordinary, skillful and diligent manner, yet the said defendant not regarding his said duty, nor his said employment, but contriving and intending to injure and aggrieve the said plaintiff, so conducted himself in an ignorant, unskillful and negligent manner in that behalf in that he did not nor would use the ordinary and proper means and remedies, and did not nor would use any means or remedies to reduce said fracture, and to set and cure said leg of said plaintiff, whereby the said fracture became set, and the wound occasioned thereby

---

became sore and festered, and the bones of the said plaintiff's left leg diseased and he, the said plaintiff, lost flesh and strength, and by reason of such default and neglect of said defendant, in order to save plaintiff's life, it became and was necessary thereafter, to wit, on or about January 15th, 1879, at Bay county aforesaid, to amputate and cut off the said leg of said plaintiff, whereby the said plaintiff suffered and underwent severe pain, and became and was permanently injured and disabled, and was hindered and prevented from performing and transacting his ordinary affairs and business by him to be performed and transacted for a long space of time, to wit, thence hitherto, to the great loss and damage of said plaintiff, to wit: Ten thousand dollars, and was also by reason thereof compelled to pay large sums of money in endeavoring to be cured of said fracture, and said amputation, so occasioned by said defendant's default and neglect, to wit: One thousand dollars, and said plaintiff hath been and still is, by reason of the premises, otherwise greatly injured and damnified, to wit, at Bay county aforesaid, to plaintiff's damage, twenty thousand dollars, and therefore he brings suit, &c.